144 F.3d 618
 98 Cal. Daily Op. Serv. 3624, 98 Daily Journal
D.A.R. 4993
Arthur CALDERON, Warden, Petitioner,
v.
The UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT
OF CALIFORNIA, Respondent.
 No. 97-70631.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 30, 1998.
Decided May 13, 1998.
 
 Dane R. Gillette, Assistant Attorney General, San Francisco, California, for petitioner.
 William A. Snyder, Jr., Corte Madera, California, and Alex Reisman, Bourdon & Reisman, San Francisco, California, for real party in interest.
 No appearance for respondent.
 Appeal from the United States District Court for the Northern District of California; Marilyn H. Patel, District Judge, Presiding. D.C. No. CV-93-00616-MHP.
 Before: HUG, Chief Judge, BROWNING and TASHIMA, Circuit Judges.
 HUG, Chief Judge.
 
 
 1
 Arthur Calderon, Warden of the San Quentin State Prison, ("State") seeks a writ of mandamus in response to the district court's order (1) allowing petitioner to amend his petition to delete unexhausted claims and holding the petition in abeyance subject to further amendment reincorporating the deleted claims once they are litigated in state court, and (2) its order granting leave to depose a witness in relation to an unexhausted claim.
 
 I.
 
 2
 The real party in interest in this case, Ralph International Thomas, is a California prisoner sentenced to death. On April 15, 1996, Thomas finalized his petition for Writ of Habeas Corpus to the District Court for the Northern District of California, raising exhausted and unexhausted claims. In an order filed on May 7, 1997, the district court permitted Thomas to delete his unexhausted claims and stated that it would hold in abeyance his amended petition containing only exhausted claims while Thomas exhausted his unexhausted claims in state court. The court also directed Thomas to file a second amended petition incorporating the newly exhausted claims after litigating them in state court.
 
 
 3
 On May 29, 1997, subsequent to the district court's withdrawal-and-abeyance order, the district court conditionally granted Thomas' motion to depose David Kohn. Although Kohn's deposition testimony relates to an unexhausted claim, the district court, citing Fed.R.Civ.P. 27(a), found Thomas had established good cause and the need to perpetuate Kohn's testimony. However, it conditioned this grant on Thomas' compliance with the withdrawal-and-abeyance order.
 
 
 4
 The State now petitions this court, pursuant to 28 U.S.C. § 1651(a) and Fed. R.App. P. 21, for a writ of mandamus or, in the alternative, a writ of prohibition directing the district court to vacate (1) its order holding Thomas' amended petition in abeyance pending his exhaustion of claims in state court, and (2) its order authorizing the taking of David Kohn's deposition.
 
 II.
 
 5
 "Mandamus is an extraordinary remedy that is used sparingly because it entails interference with the district court's control of the litigation before it." Star Editorial, Inc. v. United States Dist. Ct., 7 F.3d 856, 859 (9th Cir.1993). This court has adopted a five-part standard to guide the issuance of writs of mandamus:
 
 
 6
 The guidelines are: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he desires; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests persistent disregard for the federal rules; and (5) whether the district court's order raises new and important problems or issues of law of first impression.
 
 
 7
 In re Cement Antitrust Litig., 688 F.2d 1297, 1301 (9th Cir.1982), aff'd, Arizona v. United States Dist. Ct., 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). Although all five factors need not be satisfied in order for mandamus to issue, "it is clear that the third factor, the existence of clear error as a matter of law, is dispositive." Calderon v. United States Dist. Ct. ("Taylor"), 134 F.3d 981, 984 (9th Cir.1998) (quoting Executive Software N. Amer., Inc. v. United States Dist. Ct. ("Page"), 24 F.3d 1545, 1551 (9th Cir.1994)).
 
 1. Withdrawal-and-Abeyance Order
 
 8
 With regard to the "withdrawal-and-abeyance" procedure adopted by the district court, we have previously held that such procedure is entirely consistent with established law. See Taylor, 134 F.3d 981. While a petition with exhausted and unexhausted claims must be dismissed or the unexhausted claims stricken from the petition, see e.g., Reutter v. Crandel, 109 F.3d 575 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 142, 139 L.Ed.2d 89 (1997), we held in Taylor that the district court's withdrawal-and-abeyance procedure was not inconsistent with this rule.
 
 
 9
 In Taylor, we noted that the Supreme Court in Rose v. Lundy "specifically provided habeas petitioners with the option of amending their applications to delete unexhausted claims rather than suffering dismissal." Taylor, 134 F.3d at 986 (citing Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982)). Furthermore, Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242, affords petitioners the opportunity to amend their petition once as a matter of course. As such, district courts can allow petitioners to strike unexhausted claims from their petition and resubmit an amended petition including only the exhausted claims.
 
 
 10
 In Taylor, we also reaffirmed the authority of district courts to hold a petition with exhausted claims in abeyance. See e.g., Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 794, 136 L.Ed.2d 735 (1997) ("A district court has discretion to stay a petition which it may validly consider on the merits."). As such, a district court does not err in holding an amended habeas petition with exhausted claims in abeyance.
 
 
 11
 The Taylor opinion postulates that subsequent amendment of a petition to include unexhausted claims upon completion of state court proceedings could be barred as an abuse of the writ. Taylor, 134 F.3d at 988. Because the petitioner in Taylor, like Thomas, has not yet attempted to reamend his petition to include such claims, the issue of a possible abuse of the writ contention was not before us in Taylor nor is it before us in this case. Thus, Taylor's statement on this point is merely an observation and has not precedential effect.
 
 
 12
 Because the withdrawal-and-abeyance procedure adopted by the district court is consistent with existing precedent, mandamus is inappropriate with respect to this claim.
 
 2. Discovery Order
 
 13
 We similarly find the district court's order authorizing the taking of David Kohn's deposition in accord with established law.
 
 
 14
 We have held that discovery requests should not be granted when the district court does not have a valid habeas corpus petition before it. See Calderon v. United States Dist. Ct. ("Hill"), 120 F.3d 927, 928 (9th Cir.1997); Calderon v. United States Dist. Ct. ("Nicolaus"), 98 F.3d 1102, 1106-07 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1830, 137 L.Ed.2d 1036 (1997). We have also held that discovery requests should not be granted when the petition filed involves both exhausted and unexhausted claims. Calderon v. United States Dist. Ct. ("Roberts"), 113 F.3d 149 (9th Cir.1997). However, in this case there is a valid petition with only exhausted claims pending before the district court. With a valid petition before the district court, the inquiry in this mandamus action is whether the issuance of the discovery order was "clearly erroneous as a matter of law." Executive Software, 24 F.3d at 1551.
 
 
 15
 Rule 6(a) of the Federal Rules Governing Section 2254 Cases allows parties to engage in discovery in the discretion of the court "for good cause shown." The rule provides, in pertinent part:
 
 
 16
 A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise....
 
 
 17
 28 U.S.C. § 2254 Rule 6(a); see also Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997).
 
 
 18
 The district court noted that Thomas had shown good cause for the testimony and established the need to perpetuate Kohn's testimony and authorized the taking of Kohn's deposition, provided Thomas complied with the withdrawal-and-abeyance order. We agree.
 
 
 19
 David Kohn lived with a man named James Bowen after the murders of which Thomas has been convicted occurred. According to a declaration by Kohn, Bowen told him that "he had killed his brother over a woman." Kohn concluded that Bowen's admission related to the murders of Greg Kniffin, one of the victims, and Mary Gioia, Bowen's former lover. Subsequent to giving his declaration in November 1995, Kohn was greeted by Bowen in a cafe in Eugene, Oregon. According to the deposition given by Megan Barry, a friend of Kohn's, Kohn was frightened by this encounter--since he had not seen Bowen in a number of years. Thomas asserted that a deposition is needed now because of the uncertainty that Kohn will agree to be deposed in the future.
 
 
 20
 While the claim to which Kohn's deposition relates is currently unexhausted, we hold that the district court's application of Fed. R. Civ. Pro. 27(a) was an appropriate use of the procedures available to district courts. "Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates an expectation of future litigation, explains the substance of the testimony it expects to elicit and the reasons the testimony will be lost if not preserved." Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1373 (D.C.Cir.1995). If the court is "satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," it shall permit the deposition to be taken. Fed. R. Civ. Pro. 27(a)(3).
 
 
 21
 We find that the requirements of Rule 27(a) have been satisfied. First, it is apparent that Thomas is acting in anticipation of litigation in federal court. While Thomas still has the possibility of obtaining relief in state court, the application of the exhaustion requirement to a discovery request under Rule 27(a) would render the rule useless as a mechanism for preserving testimony prior to litigation. Second, Thomas adequately explained the substance of the testimony he seeks to obtain from Kohn through the presentation of Kohn's unsigned declaration. And finally, Thomas provided evidence of a significant risk that Kohn would be unavailable to testify before the court. Several facts support this conclusion: (1) Megan Barry's deposition testimony explaining Kohn's panic upon seeing Bowen at the cafe, (2) Kohn's failure to sign his declaration, and (3) Kohn's demand that access to his deposition, if taken, be limited.
 
 
 22
 Although the Federal Rules regarding discovery do not apply completely and automatically in habeas proceedings, the district court's order is a measure "which will allow development, for the purposes of the hearing, of the facts relevant to disposition of the habeas corpus petition." Harris v. Nelson, 394 U.S. 286, 298, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969).
 
 
 23
 We hold that the district court did not clearly err in finding that Thomas established good cause for the need to perpetuate Kohn's testimony based on Thomas' concern that Kohn may not be willing to cooperate in the future. Thomas presented an affidavit from David Kohn detailing conversations Kohn had with Bowen that Kohn believes relates to the murders. Kohn's deposition will bolster Thomas' claim that his counsel was ineffective in failing to adequately investigate the possibility that Bowen committed the murders. Given the information presented thus far, Thomas' ineffective assistance claim does not appear "purely speculative or without any basis in the record." McDaniel v. United States Dist. Ct. ("Jones"), 127 F.3d 886, 888 (9th Cir.1997). As such, we agree with the district court that good cause was shown.
 
 
 24
 For these reasons, the petition of the State is DENIED.