FILED
United States Court of Appeals
Tenth Circuit

January 28, 2025

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS WORKMAN,

     Petitioner - Appellant,

v.

UNITED STATES POSTAL SERVICE;
JASMINE MARTINEZ; RUFINA
SANCHEZ, a/k/a Perla Sanchez;
YVONNE THOMPSON,

     Respondents - Appellees.

No. 24-2033

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:23-MC-00030-MIS-GBW)**
_____

W. Jeff Barnes, W.J. Barnes, P.A., Boca Raton, Florida, for Petitioner-Appellant.

Emil J. Kiehne, Assistant United States Attorney, Office of the United States Attorney
(Alexander M.M. Uballez, United States Attorney, with him on the brief), Albuquerque,
New Mexico, for Respondents-Appellees United States Postal Service, Jasmine Martinez,
Rufina Sanchez, and Yvonne Thompson.

_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

A fire destroyed the Chimayo post office in northern New Mexico. The

building had been leased by petitioner Thomas Workman to the United States Postal

Service (USPS). Mr. Workman filed a petition under Federal Rule of Civil Procedure 27 in the United States District Court for the District of New Mexico to take five depositions before deciding whether to sue USPS. The court denied the petition because Mr. Workman failed to provide a proper reason why he could not already bring a lawsuit or to explain why the requested testimony would be lost if not taken immediately. Exercising jurisdiction under 28 U.S.C. § 1291, we agree with the district court and affirm.

## I.    BACKGROUND

The post office fire occurred on February 14, 2023. That September Mr. Workman filed a verified petition under Rule 27(a) to take pre-suit depositions of three USPS employees (Jasmine Martinez, Rufina "Perla" Sanchez, and Yvonne Thompson, hereinafter the Appellees); one USPS contractor; and the Fire Marshal of Santa Fe County.[1] The petition stated that Mr. Workman wanted to bring contract and tort claims against USPS but could not "presently" bring these claims because of his "incomplete" and "ongoing investigation into the cause and origination of the fire; those who may be responsible parties for the fire and consequent damage; and the manner in which USPS operated the facility." Aplt. App., Vol. 1 at 12–13. Apparently to support the assertion that a court order for the depositions was necessary, the petition also stated that counsel for USPS refused to allow counsel for Mr. Workman to take sworn statements from the USPS employees and that Greg

---

[1] The depositions of the contractor and fire marshal are no longer at issue and these individuals are not parties to this appeal.

Shelton, a USPS official, demanded that Mr. Workman destroy a letter suggesting that USPS knew the facility had asbestos in its walls.

Three months later Mr. Workman filed an amended verified petition, which offered three additional assertions to support the need for pre-suit depositions: (1) USPS had transferred Ms. Martinez and Ms. Sanchez to another post office in New Mexico; (2) Ms. Martinez and Ms. Sanchez might forget their testimony over time; and (3) Rio Arriba County officials had asked Mr. Workman to clean up the site and debris field, creating "a danger of this evidence being lost without it being examined by [Ms. Martinez and Ms. Sanchez] as part of their sworn statements being taken." Aplt. App., Vol. 1 at 70.

A federal magistrate judge recommended the verified petition be denied. Mr. Workman filed objections to the report and recommendation. In his objections he referred to a sworn statement from an insurance investigator (David Lewton) which said that an assistant United States attorney had refused to allow him to take statements from USPS employees and thereby "actively engaged in conduct specifically designed to conceal and preclude the testimony of the USPS employees who were eyewitnesses to the fire." Aplt. App., Vol. 2 at 143.

The district court denied the initial petition and Mr. Workman appealed.[2]

---

[2] Both the magistrate judge and district court declined to look at the amended petition because Rule 27 does not provide for amendments and Mr. Workman did not obtain the consent of the opposing parties or leave of court to file an amended petition. On appeal Mr. Workman argues this was error, citing *Application of Eisenberg*, 654 F.2d 1107, 1110 (5th Cir. Unit B Sept. 1981) (considering amended

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, the "doors of discovery" do not typically open before a plaintiff files a well-pleaded complaint showing entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Rule 27(a) provides a narrow exception. A district court may authorize a pre-suit deposition to perpetuate testimony that "might be lost to a prospective litigant unless taken immediately." 8A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2071 (3d ed. 2010) (internal quotation marks omitted). Authorization requires a petition showing:

(A)    that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B)    the subject matter of the expected action and the petitioner's interest;

(C)    the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D)    the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E)    the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). "If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order" governing the depositions. Fed. R. Civ. P. 27(a)(3). After a 1946 amendment the rule clarifies that the order may include provisions "like those authorized by Rules 34 and 35" for production of documents, inspection of land, physical and mental examinations, etc. *Id.*

---

Rule 27 petition), for support. We need not address this argument because, as we explain below, neither the initial petition nor the amended petition satisfies Rule 27.

The parties have not directed us to any Tenth Circuit precedent relevant to the Rule 27(a) issues before us, nor are we aware of any. But we disagree with Mr. Workman that Rule 27(a) does not set forth any meaningful standards. Much is clear from the face of Rule 27, and the federal courts of appeal have been consistent in their applications of the rule. We are therefore comfortable following the lead of our fellow circuits, as well as secondary authorities, and apply commonly understood principles.

In particular, we are mindful of the fundamental purpose of Rule 27(a). It was designed to "offer[] a simple method of *perpetuating* testimony [and preserving other evidence] where it is usually allowed under equity practice or under modern statutes." Fed. R. Civ. P. 27(a) advisory committee's note to 1937 adoption (emphasis added). As demonstrated by the requirement that the petition must show the "expected substance of the testimony of each deponent," Fed. R. Civ. P. 27(a)(1)(E), the rule was not intended as a means to *discover* facts.

The district court denied Mr. Workman's petition because he failed to make either of two necessary showings: an inability to bring a lawsuit and a risk of losing testimony. *See Workman v. U.S. Postal Serv.*, 1:23-mc-00030-MIS-GBW, 2024 WL 657081, at *6–8 (D.N.M. Feb. 16, 2024). We review the denial of a Rule 27(a) petition for abuse of discretion. *See Qin v. Deslongchamps*, 31 F.4th 576, 580–81 (7th Cir. 2022) (citing cases from three circuits). We see no abuse of discretion in the district court's decision.

### A.   Ability to Bring a Lawsuit

We start with the ability to bring a lawsuit. A petitioner must show he "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A).

Three cases illuminate what types of allegations may satisfy this requirement. In *De Wagenknecht v. Stinnes*, a German national and nonresident of the District of Columbia filed a petition to take the deposition of an elderly witness to support "her claim to certain property presently vested by the Attorney General under the Trading with the Enemy Act." 250 F.2d 414, 415 (D.C. Cir. 1957). The petitioner explained that she could "not qualify to be a plaintiff" to sue the Attorney General because she did not currently meet the Act's requirements, *id.* at 416, and she could not sue other prospective property owners because they did not yet have possession of the relevant property, *see id.* at 417. The district court granted the petition. *See id.* at 416. The circuit court, agreeing that petitioner's "only recourse [was] in future litigation," *id.* at 417, held that the district court had not abused its discretion, *see id.* at 418.

In *Martin v. Reynolds Metals Corp.*, landowners near an aluminum reduction plant claimed that fluoride emanated from the plant and killed or injured scores of their cattle. *See* 297 F.2d 49, 52 (9th Cir. 1961). The owner of the plant, a prospective defendant, twice asked the landowners to permit inspection of their land and cattle in hopes of collecting data to aid its potential defense, but the landowners refused the plant owner access to the property and "from time to time" disposed of cattle. *Id.* Meanwhile, the landowners accumulated information for their own

Page **6**

potential suit against the owner of the plant. *See id.* In its petition under Rule 27 the owner of the plant said that it expected to be sued by the landowners but could not bring or cause an action to be brought. *See id.* The petition sought the deposition of the landowner (regarding the disposition of cattle) and inspection of his land and cattle to preserve data. The district court granted the petition. The circuit court, while recognizing that potential plaintiffs should not be permitted to abuse the rule by trying "to use it as a means of discovery to enable them to draw a complaint," affirmed the substance of the district-court order. *Id.* at 55.

In contrast, in *Shore v. Acands, Inc.*, 644 F.2d 386 (5th Cir. Unit A May 1981), an appellate court rejected a Rule 27 petition. A resident of Oklahoma filed suit in Mississippi federal court against, among others, eight corporations involved in the manufacture and sale of asbestos products that were not doing business, or qualified to do business, in Mississippi. *See id.* at 387. The claims against those corporations were dismissed for lack of personal jurisdiction. *See id.* at 388. The district court did, however, grant the plaintiff's petition for an order under Rule 27 to perpetuate the plaintiff's testimony for possible use in litigation against the dismissed corporations. *See id.* The circuit court reversed the order on several grounds, including that the plaintiff-petitioner had "made no showing that he could not have brought his suit in some state or federal court in Oklahoma or in some other state, including any of the several states in which, for example, the various defendants have their principal place of business." *Id.* It emphasized that although the plaintiff-petitioner "apparently read [Rule 27] to permit perpetuation whenever he is presently unable to bring an action

or cause it to be brought in the district of his choice and against all defendants of his choice[,] [t]he rule is not so applied." *Id.* at 388–89 (brackets, emphasis, and internal quotation marks omitted).

In short, a petitioner must show a "true inability to bring any action at the time the petition is presented." 6 James William Moore et al., *Moore's Federal Practice— Civil* § 27.13[2] (3d ed. 2024). An inability to file suit in a preferred district or against all desired defendants is not enough. *See Shore*, 644 F.2d at 388–89.

Of course, one might consider the lack of evidence to sustain a claim as creating an inability to file suit. But that is emphatically not a reason on which a Rule 27 petition can be based. As previously noted, the requirement of Rule 27(a)(1)(E) that the petition show the "expected substance of the testimony of each deponent" unequivocally reflects the view that it would be an abuse of the rule to use pre-suit depositions to discover additional evidence in preparation for litigation. *See Martin*, 297 F.2d at 55 (the expected-substance requirement prevents potential plaintiffs from using Rule 27 "as a means of discovery to enable them to draw a complaint").

This understanding of Rule 27 dates from the rule's early history. *See In re Ferkauf*, 3 F.R.D. 89, 90 (S.D.N.Y. 1943) ("Although the rule does not in express terms state that it may not be availed of for the sole purpose of framing a complaint, from reading it, together with the other rules dealing with the taking of depositions, rules 26, 28 to 33, it is apparent that it was not intended to be used for such purpose."); *Rules of Civil Procedure for the District Courts of the United States with Notes as prepared under the direction of The Advisory Committee and Proceedings*

*of the Institute on Federal Rules Cleveland, Ohio July 21, 22, 23, 1938* at 292–93 (W. Dawson ed. 1938) (Professor Edson R. Sunderland and former Attorney General William D. Mitchell—members of the Advisory Committee—agreeing that the "whole scheme" of Rule 27 prevents a prospective plaintiff from using Rule 27 to "juggle around and take a discovery deposition" to help him "draw a complaint"); Edson R. Sunderland, *Discovery Before Trial Under the New Federal Rules*, 15 Tenn. L. Rev. 737, 744 (1939) ("The type of fishing which the rules do not tolerate is fishing before action to try to discover some ground for bringing suit. No discovery process can be used by the plaintiff before he has filed his complaint, and the provisions for perpetuating testimony are not designed for discovering grounds for bringing an action, but only for perpetuating testimony already known."); James A. Pike & John W. Willis, *The New Federal Deposition-Discovery Procedure: I*, 38 Colum. L. Rev. 1179, 1193 (1938) ("Might discovery before pleading be obtained under Rule 27, relating to depositions before action? The Rules themselves give no answer to this question, although the absence from Rule 27 of any reference to discovery similar to that contained in Rule 26 raises some inference that discovery was not contemplated in connection with Rule 27, as does the requirement that the petition set out the substance of the testimony expected to be elicited from each witness." (footnote omitted)).

In more recent times the circuit courts that have addressed this issue adopt the same position. *See Qin*, 31 F.4th at 581–82 (denying petition to learn "whether the parties to [a] proposed suit are diverse" because Rule 27 is not a "vehicle for

obtaining pre-suit discovery in order to ascertain or confirm the existence of a fact necessary to bringing suit"); *In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999) ("Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint[.]" (citation omitted)); *Ash v. Cort*, 512 F.2d 909, 912–13 & n.14 (3d Cir. 1975) (denying petition seeking "testimony from three named directors concerning all matters relevant to the subject matter involved in the [anticipated] action" because "Rule 27 is not a substitute for discovery" (internal quotation marks omitted)); *cf. Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (denying petition "seeking opinions, thoughts, views, and background information that is as yet completely unknown to the petitioner" because it failed to satisfy requirement that it state the expected "substance of the testimony" of the witness).

It is therefore clear that Mr. Workman's petitions miss the mark. The petitions assert that Mr. Workman cannot bring suit at this time because he cannot otherwise complete his ongoing investigation into the cause of the fire, responsible parties, and the way USPS operated his building. As explained above, this assertion does not establish a present inability to file suit as required by Rule 27. Instead, it shows a potential litigant eager to use pre-lawsuit depositions to fill gaps in potential claims against potential defendants—a reason disallowed by Rule 27.

## B.     Risk of Lost Testimony

We next consider the risk of lost testimony. "Rule 27 provides only for the perpetuation of testimony that is at risk of becoming unavailable." *Qin*, 31 F.4th at

581; *see also Ash*, 512 F.2d at 913 (requested testimony must be "likely to be lost"). What counts as a sufficient risk turns on the circumstances of each case. Specific allegations suggesting a witness is "aged or seriously ill, might flee, or who may become unavailable by reason of relocation or other geographic constraints before a suit can be filed" typically suffice. *Qin*, 31 F.4th at 581; *see Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 144 F.3d 618, 622 (9th Cir. 1998) (allowing deposition for later habeas proceeding where petitioner alleged witness might make himself unavailable in view of both his observed panic when he encountered the person he would likely incriminate in his testimony and his refusal to sign declaration incriminating that person); *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (allowing deposition of 71-year-old witness in 1967 because "[i]t would be ignoring the facts of life to say that a 71-year-old witness will be available, to give his deposition or testimony, at an undeterminable future date"); *In re Sims*, 389 F.2d 148, 150–51 (5th Cir. 1967) (allowing deposition where witness planned to imminently depart for Peru); *Martin*, 297 F.2d at 52, 55–57 (allowing deposition of landowners who repeatedly disposed of dead cattle and sold other cattle without permitting petitioner to examine them to determine their cause of death); *Mosseller v. United States*, 158 F.2d 380, 381–82 (2d Cir. 1946) (allowing deposition of petitioner's son who was "severely injured while on duty as a seaman" because "medical opinion indicated that [he] might die before" she could file a lawsuit); *cf. Deiulemar*, 198 F.3d at 476–79, 485–87 (in case involving potential loss of physical evidence, rather than witness testimony, the court affirmed ruling permitting company that chartered

ship to have experts inspect ship (with the evidence gathered to be sealed and unavailable to any party) to determine whether ship's slow speed had been caused by marine growth on hull or defective engine, when engine was being repaired at dock and ship was scheduled to soon depart).

In contrast, general or conclusory allegations that a witness has a faulty memory or might destroy potential evidence typically do not suffice. *See Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374–75 (D.C. Cir. 1995) ("general allegation" that prospective deponent is retired and may, "with the passage of time," lose his ability to "recall relevant facts and testify completely" to relevant matters is "not sufficient to satisfy Rule 27" (internal quotation marks omitted)); *Ash*, 512 F.2d at 913 ("conclusory remarks" that "[t]here exists a substantial risk that testimonial evidence will become unavailable if discovery is further postponed" because "[m]emories may fade" are insufficient (internal quotation marks omitted)); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (statements that witnesses were not "immune from the uncertainties of life (and death)" and unsupported "concern[s]" that they might destroy documents in their possession are insufficient (internal quotation marks omitted)).

In district court Mr. Workman offered five reasons why the Appellees' oral testimony would be lost if not taken immediately. First, the initial petition alleged:

> [A]s of June 9, 2023, Respondent USPS took the position, in writing, that asbestos was in the walls of the facility . . . . Greg Shelton of the Denver regional office of Respondent USPS demanded that Petitioner destroy the letter and threatened to cancel the lease agreement if Petitioner did not agree to sign a new lease for a larger building and that Petitioner pay for

the cost thereof. Petitioner declined to destroy the letter and also declined to build another structure at his own cost. Respondent USPS cancelled the lease.

Aplt. App., Vol. 1 at 11. The district court could properly be unpersuaded that Mr. Shelton's request to destroy a physical letter raised the risk that the Appellees' oral testimony would be lost if not taken immediately. *Cf. Lombard's*, 753 F.2d at 976 (unsupported "concern[s]" that documents in a person's possession might be destroyed are insufficient).

Second, the initial and amended petitions both alleged that Mr. Workman's counsel asked USPS's counsel for permission to depose the Appellees, but USPS declined the request. This allegation does not show evidence might be lost. At most, it shows a compelled deposition might be needed to secure the Appellees' testimony.

Third, and similarly, in his objections to the magistrate judge's report and recommendation, Mr. Workman pointed to a "sworn statement/deposition" of Mr. Lewton, the insurance investigator. Aplt. App., Vol. 2 at 140. Mr. Lewton swore that although he

> plann[ed] on talking to people—employees and the manager at the post office, [he] was called before [he] had an opportunity to do that by a person, a woman, who identified her[self] as a US attorney. And she forbade [him] from—from talking to any of the postal employees and then doing that—that part of the investigation that [he] normally would have done.

Aplt. App., Vol. 2 at 187. Again, this statement suggests that Mr. Workman must wait until he files a proper lawsuit before deposing the Appellees, not that the Appellees' oral testimony is at risk of being lost absent immediate action.

Page **13**

Fourth, the amended petition alleged:

> Since the fire, Respondents Jasmine Martinez and Perla Sanchez have been transferred to another Post Office in a different city in New Mexico. Given that and the passage of time, their unique testimony is in danger of being lost and thus justice for Petitioner being delayed or denied absent an Order granting this Petition and the taking of the sworn statements of the Respondents at this time.

Aplt. App., Vol. 1 at 70. But, as we have already noted, the passage of time does not, by itself, establish a sufficient risk that oral testimony will be lost if not taken immediately. *See, e.g.*, *Penn Mut. Life Ins. Co.*, 68 F.3d at 1374–75; *Ash*, 512 F.2d at 913. Moreover, Mr. Workman has failed to explain why Ms. Martinez and Ms. Sanchez, whose worksite was changed to another location in New Mexico, would be unavailable for depositions if he sought their testimony after filing suit. *See Biddulph v. United States*, 239 F.R.D. 291, 292 (D.D.C. 2007) ("Petitioner does not allege, nor has he made any representation which would permit the court to find, that the [Respondents] will be unavailable after the complaint is filed."); *Petition of Rosario*, 109 F.R.D. 368, 371 (D. Mass. 1986) ("Because the Federal Rules provide for the issuance of subpoenas compelling depositions anywhere in the country," a petitioner must "submit verified statements indicating that certain witnesses planned to leave the United States, and not just the Commonwealth of Massachusetts.").

Fifth, the amended petition alleged:

> As Rio Arriba County is demanding that Petitioner clean up the site and debris field, there is a danger of this evidence being lost without it being examined by the two USPS employee Respondents (Jasmine Martinez and Perla Sanchez) as part of their sworn statements being taken, as was done with the taking of the sworn statement of [the Fire Marshal].

Aplt. App., Vol. 1 at 70. The district court reasonably rejected this suggestion. As the magistrate judge said: "Petitioner owns the property. He may collect as much evidence from the site as he would like without a Rule 27 petition." Aplt. App., Vol. 1 at 120 n.3.[3]

### C.    Unnecessary Litigation

Finally, Mr. Workman urges us to grant his petition to avoid "unnecessary litigation." Aplt. Br. at 38. He contends that denial of his petition will lead to burdensome discovery and interlocutory appeals because the Appellees might oppose depositions through motions for protective order and arguments to dismiss based on sovereign immunity. But Rule 27 is not a tool to avoid litigation; on the contrary, it contemplates litigation. And Mr. Workman fails to explain how proceeding under Rule 27 would foreclose any argument regarding the conduct or admissibility of a deposition that the government could otherwise make now or in future litigation.

### III.    CONCLUSION

We **AFFIRM** the order of the district court denying Mr. Workman's petition.

---

[3] On appeal Mr. Workman also argues that the Appellees' oral testimony may be lost because USPS raised sovereign-immunity-based objections in the district court "even though no relief was being sought against the postal service employee witnesses." Aplt. Br. at 29. He asserts that this reason was "set forth" in his petitions. *Id.* Not so. The petitions make no mention of sovereign immunity—let alone argue that USPS's invocation of sovereign immunity raises the risk that the Appellees' oral testimony will be lost if not taken immediately. Accordingly, we decline to address this argument. *See Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1336 (10th Cir. 2004) ("We need not consider an argument made for the first time on appeal.").