**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KERI LYNN VIEGAS; JAMES VIEGAS,

    Plaintiffs - Appellants,

v.

REED W. OWENS; CHRIS KILKENNY;
KATHLEEN NEEL; RANDALL M.
CHIN; NEWREZ LLC, f/k/a New Penn
Financial LLC; SHELLPOINT
MORTGAGE SERVICING; GENA
OSBORN,

    Defendants - Appellees.

No. 24-1366
(D.C. No. 1:23-CV-02939-PAB-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Keri Lynn Viegas and James Viegas, proceeding pro se, appeal the district court's dismissal of their amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A. *Factual History*

The Viegases owned a property in Dillion, Colorado. In 2018, they took out a $252,000 loan, secured by a deed of trust. In July 2022, the Viegases, under contract to sell the property, filed a release of the deed of trust with Kathleen Neel, the Summit County Public Trustee. Although Ms. Neel recorded the release document, she later rescinded it after Gena Osborn, an employee of the title company retained by the buyers, raised concerns about its validity. Unable to close with the deed of trust in place, the Viegases were forced to terminate the contract.

NewRez, LLC ("NewRez") and Shellpoint Mortgage Servicing, LLC ("Shellpoint") began servicing the loan in November 2022. Two months later, New Rez attorney Randall Chin contacted the Viegases about potential foreclosure proceedings. In April 2023, NewRez sued the Viegases in state court, seeking an order authorizing the foreclosure sale of the property under Colorado Rule of Civil Procedure 120. On August 16, 2023, Judge Reed Owens conducted a Rule 120 foreclosure hearing and entered an order authorizing the foreclosure sale. Faced with losing the property, the Viegases made a cure payment. *See* R. at 177 ("Plaintiffs were then extorted by being forced to pay a cure or lose private property.").

## B. *Procedural History*

In November 2023, the Viegases filed a complaint in federal district court seeking redress for the Rule 120 foreclosure action and their alleged related injuries. They sued Ms. Neel, Ms. Osborn, NewRez, Shellpoint, Mr. Chin, Judge Owens, and Summit County Clerk of Court Chris Kilkenny (collectively, "Defendants"). The Viegases amended their complaint. It alleged, under 42 U.S.C. § 1983, that Defendants violated the Viegases'

- Fourth Amendment protection from unreasonable searches and seizures,

- Fifth Amendment due process rights, and

- Seventh Amendment right to a jury trial.

It also alleged that:

- NewRez and Shellpoint violated the Colorado Fair Debt Collection Practices Act ("CFDCPA");

- Ms. Neel, Ms. Osborn, NewRez, Shellpoint, Mr. Chin, and Judge Owens violated federal criminal law;

- Mr. Chin violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act of 1974 ("RESPA").

For relief, the Viegases sought money damages, a "declaratory judgment to expunge the Deed of Trust from the county record," R. at 199, and injunctive relief against NewRez and Shellpoint.

The district court referred the pleadings and all motions to a magistrate judge. Defendants then moved to dismiss for lack of subject matter jurisdiction and for failure to

3

state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The

magistrate judge recommended dismissal, determining that:

- The court lacked jurisdiction over the Fourth and Fifth Amendment claims because the *Rooker-Feldman* doctrine barred federal court review.

- The Seventh Amendment claim failed under Rule 12(b)(6) because *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1070 (D. Colo. 2013), held that Rule 120 proceedings do not run afoul of the Seventh Amendment.

- The CFDCPA claim did not satisfy the Federal Rule of Civil Procedure 9(b) requirement to allege fraud with particularity.

- The criminal law claims failed under Rule 12(b)(6) because "federal criminal statutes do not create private rights of action and are not enforceable in a civil suit." R. at 740.

- The amended complaint did not "specify which provisions of the TILA or RESPA were allegedly violated," *id.* at 742, nor did it allege facts from which the court could infer wrongdoing, so those claims also failed under Rule 12(b)(6).

Over the Viegases' objections, the district court adopted the magistrate judge's

recommendation and dismissed the case.[1]  The Viegases timely appealed.

---

[1] The district court dismissed the Fourth and Fifth Amendment claims without prejudice and the remaining claims with prejudice.  "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).  "A final determination of lack of subject-matter jurisdiction of a case in a federal court . . . precludes further adjudication of it," *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992), so the district court's dismissal is an appealable final judgment under 28 U.S.C. § 1291.

## II.  DISCUSSION

### A.  *Scope of Appeal*

An appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).  "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).  The Viegases have waived any challenge to the district court's dismissal of their claims under Rule 12(b)(6) and Rule 9(b) because they failed to address those issues in their opening brief.  We confine our review to the Viegases' opening brief arguments.

### B.  *Standard of Review*

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction.  *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007).  Because the Viegases represent themselves, we construe their filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### C.  *Rooker-Feldman*

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over state-court judgments."  *Millard v. Camper*, 971 F.3d 1174, 1186 (10th Cir. 2020).  It "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court

5

review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* bars federal suits when "the injury . . . complained of was caused by the [state court] judgment," *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012), or "the *relief sought* in the federal action would . . . reverse or undo the *relief granted* by the state court," *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). And if the district court cannot grant relief "without reexamining the state-court judgments," it "lack[s] jurisdiction." *Millard*, 971 F.3d at 1186. Thus, "[w]hat *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018).

## D. *Analysis*

### 1. **Fourth and Fifth Amendment Claims**

The Viegases' amended complaint alleged that Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures during the Rule 120 foreclosure proceedings. Because "this claim has merit only if the state-court forfeiture order was unlawful on the record before that court," it was "properly dismissed under *Rooker-Feldman*." *Campbell*, 682 F.3d at 1284–85.

The Viegases also alleged that Defendants violated their Fifth Amendment due process rights in the foreclosure proceedings. But they "cannot circumvent *Rooker-Feldman* by framing [their] challenge to a state-court judgment as a due process claim." *Millard*, 971 F.3d at 1186. Like their Fourth Amendment claim, the Viegases' due

6

process claim "has merit only if the state-court forfeiture order was unlawful on the record before that court," so it, too, was "properly dismissed under *Rooker-Feldman*." *Campbell*, 682 F.3d at 1284–85.

In sum, *Rooker-Feldman* bars federal review of the Viegases' Fourth and Fifth Amendment claims because those claims sought to "reverse or undo" the state court's order authorizing the foreclosure sale of their property, *Mo's Express*, 441 F.3d at 1237, and the district court "could not have granted relief without reexamining the state-court judgments," *Millard*, 971 F.3d at 1186.

## 2. Other Arguments

The Viegases generally assert three errors. To the extent their arguments concern claims that are not subject to *Rooker-Feldman* dismissal, we reject them and affirm.

First, they argue the district court erred by not allowing their case to proceed to discovery. But they were not entitled to discovery when the district court determined their amended complaint failed to state a claim under Rule 12(b)(6). *See Workman v. United States Postal Serv.*, 127 F.4th 237, 240 (10th Cir. 2025) ("Under the Federal Rules of Civil Procedure, the doors of discovery do not typically open before a plaintiff files a well-pleaded complaint showing entitlement to relief.") (internal quotation marks omitted). Second, the Viegases contend the district court violated their Seventh Amendment right to a jury trial. But because the district court dismissed their amended complaint at the pleading stage, they were not entitled to a jury trial. *See Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (holding that dismissal under Rule 12(b)(6) did not violate plaintiff's Seventh Amendment right to a jury trial). Third, the

Viegases argue the district court dismissed their case without reviewing all the evidence. But they do not identify any of that evidence nor explain how it would have altered the district court's disposition of their claims. *See Bronson*, 500 F.3d at 1104.

## III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

8