**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KERI LYNN VIEGAS, the individual;
JAMES VIEGAS, the individual,

    Plaintiffs - Appellants,

v.

THOMAS K. KANE; CHUCK
BROERMAN; SCOTT D. TOEBBEN;
ARICYN DALL; MATRIX FINANCIAL
SERVICES CORPORATION;
ROUNDPOINT MORTGAGE
SERVICING, LLC; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, a/k/a MERS,

    Defendants - Appellees.

No. 24-1368
(D.C. No. 1:23-CV-03291-PAB-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Keri Lynn Viegas and James Viegas, proceeding pro se,[1] appeal the district court's dismissal of their complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment in part. We vacate its rulings on the Viegases' Fourth and Fifth Amendment claims and remand with instructions to dismiss those claims without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

## I.  BACKGROUND

In December 2023, the Viegases brought an action in federal district court seeking redress for Colorado Rule of Civil Procedure 120 foreclosure proceedings in El Paso County, Colorado. They sued Matrix Financial Services ("Matrix"), Roundpoint Mortgage Servicing, LLC ("Roundpoint"), Mortgage Electronic Registration Systems ("MERS"), Matrix attorneys Scott Toebben and Aricyn Dall, El Paso County Treasurer Chuck Broerman, and Judge Thomas Kane (collectively, "Defendants").

The Viegases alleged that "Defendants colluded to take private land patented freehold property with a fraudulent security instrument" and that the foreclosure action was premised on "unjust cause." R. at 11, 12. They claimed under 42 U.S.C. § 1983, that Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures, their Fifth Amendment due process rights, and

---

[1] Because the Viegases represent themselves, we construe their filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

federal criminal law.  They further claimed that Matrix, Roundpoint, and MERS

violated 15 U.S.C. § 1641(g), a provision of the Truth in Lending Act ("TILA").

For relief, the Viegases sought money damages and an order for Matrix,

Roundpoint, and MERS to "return all monies from the security instrument,

extinguish the Deed of Trust from the property, and [provide] a Quiet Title," R. at 13.

The district court referred the pleadings and all motions to a magistrate judge.

Defendants then moved to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).  Judge Kane also moved to dismiss for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The magistrate

judge recommended dismissal, determining that:

- The Fourth and Fifth Amendment claims against Matrix, Roundpoint, MERS, Mr. Toebben, and Ms. Dall failed under Rule 12(b)(6) because the complaint did not plausibly allege that they were acting under color of state law.

- The Fourth and Fifth Amendment claims against Treasurer Broerman failed under Rule 12(b)(6) because the allegations against him were "sparse and conclusory." R. at 356.

- The court lacked jurisdiction over the Fourth and Fifth Amendment claims against Judge Kane because the Eleventh Amendment barred its review.  And, to the extent those claims sought to undo the Rule 120 foreclosure proceeding, the *Rooker-Feldman* doctrine barred federal court review.

- The criminal law claims failed under Rule 12(b)(6) because "federal criminal statutes do not create private rights of action nor are they enforceable by civil suit." R. at 352.

- The amended complaint failed to allege a TILA claim under Rule 12(b)(6) against Matrix, Roundpoint, and MERS.

3

Over the Viegases' objections, the district court adopted the magistrate judge's

recommendation and dismissed the case.[2]  The Viegases timely appealed.

## II.  DISCUSSION

### A. *Rooker-Feldman and the Fourth and Fifth Amendment Claims*

Although the magistrate and district judges only mentioned *Rooker-Feldman*

in a footnote,[3] we must address the doctrine because it is jurisdictional.  *See Bender*

*v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting "every federal

appellate court has a special obligation to satisfy itself not only of its own

jurisdiction, but also that of the lower courts in a case under review.") (internal

quotation marks omitted); *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th

Cir. 2012) (stating that *Rooker-Feldman* is jurisdictional).  *In re Flanders*,

657 F. App'x 808, 813 (10th Cir. 2016) (unpublished) ("The *Rooker-Feldman*

---

[2] The district court dismissed the Viegases' Fourth and Fifth Amendment claims against Judge Kane without prejudice and all other claims with prejudice. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). "A final determination of lack of subject-matter jurisdiction of a case in a federal court . . . precludes further adjudication of it," *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992), so the district court's dismissal is an appealable final judgment under 28 U.S.C. § 1291.

[3] *See* R. at 360 n.5 ("The Court also finds, as Defendant Judge Kane argues, that to the extent Plaintiffs Fourth and Fifth Amendment claims seek to simply undo [his] order, and thus, und[o] the foreclosure proceeding, their claims are barred by the *Rooker Feldman* doctrine.").  *See id.* at 383 n.2 (referencing the magistrate judge's *Rooker-Feldman* finding).

4

doctrine involves subject-matter jurisdiction, which the court can raise on its own.")
(cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over state-court judgments." *Millard v. Camper*, 971 F.3d 1174, 1186 (10th Cir. 2020). It "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* bars federal suits when "the injury . . . complained of was caused by the [state court] judgment," *Campbell*, 682 F.3d at 1284, or "the *relief sought* in the federal action would . . . reverse or undo the *relief granted* by the state court," *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). And if the district court cannot grant relief "without reexamining the state-court judgments," it "lack[s] jurisdiction." *Millard*, 971 F.3d at 1186. Thus, "[w]hat *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018).

The Viegases' amended complaint alleged that Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures during the Rule 120 foreclosure proceedings. On this claim, they sought money damages from Defendants and an order for Matrix, Roundpoint, and MERS to "return all monies from the security instrument, extinguish the Deed of Trust from the property,

5

and [provide] a Quiet Title," R. at 13. But the district court "could not have granted relief" on the Viegases' Fourth Amendment claim "without reexamining the state-court judgments, and it therefore lacked jurisdiction to decide the issue." *Millard*, 971 F.3d at 1186.

The Viegases also alleged that Defendants violated their Fifth Amendment due process rights in the foreclosure proceedings. *See* R. at 11 ("Defendants . . . colluded to deprive the plaintiffs their due process according to the 4th and 5th Amendment rights regarding CASE 2023CV31029 in El Paso County Colorado."). But they "cannot circumvent *Rooker-Feldman* by framing [their] challenge to a state-court judgment as a due process claim." *Millard*, 971 F.3d at 1186. Like the Viegases' Fourth Amendment claim, the district court "could not have granted relief" on their Fifth Amendment claim "without reexamining the state-court judgments, and it therefore lacked jurisdiction to decide the issue." *Id.*

In sum, *Rooker-Feldman* bars federal review of the Viegases' Fourth and Fifth Amendment claims against all Defendants because those claims sought to "reverse or undo" the state court's order authorizing the foreclosure sale of their property. *Mo's Express*, 441 F.3d at 1237. Because the district court lacked jurisdiction over those claims, we remand for the district court to dismiss them without prejudice.

### B. *The Viegases' Arguments on the Remaining Claims*

On the remaining claims, we confine our review to the Viegases' opening brief arguments. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately

6

presented, in an appellant's opening brief."). The Viegases generally assert three errors. To the extent their arguments concern claims that are not subject to *Rooker-Feldman* dismissal, we reject them and affirm.

First, they argue the district court erred by not allowing their case to proceed to discovery. But they were not entitled to discovery when the district court determined their complaint failed to state a claim under Rule 12(b)(6). *See Workman v. United States Postal Serv.*, 127 F.4th 237, 240 (10th Cir. 2025) ("Under the Federal Rules of Civil Procedure, the doors of discovery do not typically open before a plaintiff files a well-pleaded complaint showing entitlement to relief.") (internal quotation marks omitted). Second, the Viegases contend the district court violated their Seventh Amendment right to a jury trial. But because the district court dismissed their amended complaint at the pleading stage, they were not entitled to a jury trial. *See Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (holding that dismissal under Rule 12(b)(6) did not violate plaintiff's Seventh Amendment right to a jury trial). Third, the Viegases argue the district court dismissed their case without reviewing all the evidence. But they do not identify any of that evidence nor explain how it would have altered the district court's disposition of their claims. *See Bronson*, 500 F.3d at 1104.

## III. **CONCLUSION**

We vacate the district court's rulings on the Viegases' Fourth and Fifth Amendment claims and remand to the district court with instructions to dismiss those

claims without prejudice for lack of subject matter jurisdiction under the

*Rooker-Feldman* doctrine.  We otherwise affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge